E-FILED
Thursday, 02 September, 2021  05:14:53 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **CLINTON L. MASSEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No.:** |
| | ) | |
| **FIRST STUDENT, INC.; JOSH GOOSEN** | ) | |
| **Senior Location Manager, in his Individual** | ) | |
| **And Official Capacity AND OTHERS  AS** | ) | |
| **THEY BECOME KNOWN** | ) | |
| | ) | **TRIAL BY JURY** |
| | ) | **REQUESTED** |
| | ) | |
| **Defendant(s).** | ) | |

## COMPLAINT

Now comes, Plaintiff, Clinton L. Massey, by and through his attorneys of record, S. Mona Ahsan, AhsanKelleyLaw, LLC, and for his Complaint states as follows:

## NATURE OF THE ACTION

1. This action is brought to remedy unlawful discrimination practices on the basis of Race and for Retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; violations under the U.S. Constitution, 42 U.S.C. § 1981; and violation of Title VI of the Civil Rights of 1964.  Plaintiff seeks damages including, but not limited to: back pay and reinstatement to his prior position and seniority and other make-whole relief, compensatory damages including emotional distress against all Defendants, and punitive damages against Defendants and others as they become known during discovery.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e- 5(f)(3). Supplemental jurisdiction is conferred by 28 U.S.C. § 1367 for Plaintiff's state law causes of action.

3. Venue is proper in the Springfield Division of the Central District of Illinois because the employment practices hereafter alleged to be unlawful were committed within this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff has exhausted all of his administrative remedies prior to bringing this lawsuit.

5. On April 24, 2019, Plaintiff filed a timely charge of discrimination based on Race, a dual filing, with both the Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights, (IDHR), a true and correct copy of which is attached as Plaintiff's Exhibit A.

6.  On December 16, 2020, IDHR made a finding of Substantial Evidence as to Plaintiff's charge, a true and correct copy of which is attached as Plaintiff's Exhibit B.

7. On June 11, 2021, Plaintiff received a right to sue letter from the EEOC a true and correct copy of which is attached as Plaintiff's Exhibit C. All allegations of the charges and exhibits are incorporated by reference hereto.

8. Plaintiff, Clinton L. Massey (Massey) at all times relevant was employed by First Student Inc., in Springfield, Illinois.

9. At the time of the events in question, Plaintiff was employed as a bus monitor with First Student Inc., in Springfield, Illinois and resided in Sangamon County, Illinois.

10. Plaintiff was an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

11. During all times relevant, Defendant, First Student Inc., (First Student), is a corporation that provides full-service school bus transportation for children K-12 from home-to-school and back, and other chartered bus services in the United States and Canada.

12. First Student's corporate headquarters is located in Cincinnati, Ohio.

13. First Student is a covered entity within the meaning of the Civil Rights Act of 1964. First Student is an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF FACTS

14. Plaintiff, Clinton L. Massey, is a black male.

15. Plaintiff began his employment with First Student on March 13, 2008, as a bus monitor.

16. At the time, Plaintiff was hired he was shown a single video, by Defendant on how to appropriately handle students who were physically aggressive with other students or the staff.

17. The job of a bus monitor is to maintain order on the bus, to ensure that all children/students remain in their seats while the bus is in motion, and to keep all children/students safe.

18. As a bus monitor it was Plaintiff's job to ensure that all children were seated so that the bus could move.

19. On or about November 11, 2018, Plaintiff obligated by Defendant's policies put his hand on a black "special needs" student A to seat him on the bus to enable the bus to move, the student was not injured.

3

20. This black student A was bullying another student B who was white and Plaintiff by seating student A also ensured that he stayed away from student B.

21. Plaintiff did his job and kept students safe on the bus that day.

22. Plaintiff believed it was necessary to seat student A and stop him from bullying student B because if he had not stopped student A from bullying student B, he would have been disciplined by Defendant for letting an unsafe situation continue.

23. Based upon information and belief, on or November 13, 2018, when he dropped off student A at the end of that day, Plaintiff was told by this "special needs" student A's mother that student A had not been taking his medication.

24. Prior to November 11, 2018, Plaintiff had written-up student A multiple times that school year about student A's disruptive behavior on the bus but nothing had been done.

25. Plaintiff loved his job and enjoyed working with children.

26. Over the past ten years, prior to his discharge, Plaintiff's performance as a bus monitor met Defendant's expectations.

27. Over the past ten years as a bus monitor with Defendant, prior to his discharge, Plaintiff had never been disciplined.

28. Plaintiff, over the past ten years, as a bus monitor with Defendant, had never received a single; reprimand, warning, suspension, administration removal or a discharge letter.

29. Plaintiff, on November 14, 2018, because of the incident with student A, was called by Tanya Ray, white Assistant Location Manager, to her office and informed him that he was going to be discharged, he should go home and seek union representation.

30.  On November 21, 2018, Defendants Tanya Ray and First Student discharged Plaintiff based on Plaintiff's "physical abuse of the student A" as Plaintiff had put his hands on student A's shoulders to put him in a seat.

31. The bus driver and bus monitor work as a team on the bus; therefore, it was a usual and customary practice by Defendant, for any incident that violated Defendant's policy to give the same discipline to both the bus driver and bus monitor.

32. The driver on Plaintiff's bus was a white lady; she wasn't discharged.

33. Plaintiff had written-up and reported student A's unacceptable and disrupted behavior about 5 times in prior months.

34. Plaintiff admits that he put his hands on student A's shoulder to seat him but states it was a "warranted touching"—a necessity per Defendant's rules for student A to be seated so that the bus could move.

35. Plaintiff states that student A wasn't hurt by Plaintiff putting hands on his shoulder and seating him.

36. Defendant's National Employee Handbook states, "Physical or verbal abuse and/or inappropriate or unwarranted touching of a passenger or employee" may result in the immediate termination of an individual's employment.

37. Defendant's National Employee Handbook, Section 6, page 33 Company Rules and Personal Conduct also includes the following other infractions of unacceptable behavior that may subject an employee to immediate termination—to list a few:

   1. Failure to observe or disregarding Company safety processes, policy or procedures.
   2. Leaving the bus unattended or unsecured with children of any passenger on board.
   3. Falsification of employment application, time-cards, or other Company records.

    4. Dishonesty, theft, or misappropriation of Company property.
    8. Carrying an unauthorized passenger in a Company vehicle.
    9. Repeated violations of unacceptable conduct.

38. A copy of First Student National Employee Handbook, Section 6 Company Rules and

    Personal Conduct page 33 is attached herein as Exhibit D.

39. After the incident on the bus with Plaintiff and student A, Defendant pulled the video from

    the bus and informed Plaintiff that he should go home, get union representation and that

    he was going to be discharged.

40. Based upon information and belief, Plaintiff's union representatives both black, Mr. Keys

    and Mr. Jones saw the video and it was their understanding that some type of punishment

    was appropriate but a not discharge.

41. After his discharge, Plaintiff contacted Josh Goosen, Location Manager, to request for his

    job back but Josh Goosen denied his request.

42. Based upon information and belief there were many non-black and/or white employees

    who had similar infractions –actions characterized per Defendant's National Handbook as,

    "may result in immediate termination of employment", however, those non-black

    employees were not immediately discharged; instead, they received lesser discipline.

43. Based upon information and belief some white and non-black employees despite

    committing multiple infractions leading to "immediate termination" per Defendant's

    National Employee Handbook received lesser discipline and despite being repeat

    offenders on multiple occasions received lesser discipline and were not discharged.

44. Based upon information and belief, in an infraction similar to Plaintiff's an offense

    resulting in immediate termination, a white employee, Poppenga, was suspended on May

9, 2018, for using excessive force with students. Poppenga's suspension was despite his being a repeat offender—he had received a three-part warning about three months prior Afor deviating from his route, (b) being involved in a preventable collision, and (c) a moving violation.

45. Based on information and belief, on December 1, 2016, Poppenga, a white employee, had received a written warning for allowing unauthorized individuals to board the bus, another offense per Defendant's Company Policy, that "may result in termination."

46. Based upon information and belief, a white employee, Owen, in 2003 was given just a five-day suspension for being clocked into work when she wasn't on the bus or working. This was also an offense per Defendant's policy that "may result in termination."

47. Based on information and belief, in September 2015, Owen, a white employee, received just a verbal warning for smoking on the bus while the students were present against the Company's strict no smoking policy on the bus.  Less than two months later this same employee was only suspended for the same violation again—despite this being, an offense that "may result in termination" as it was a, "[r]epeated violations of unacceptable conduct."  However, when reprimanded, she stormed out of the disciplinary meeting screaming, "do whatever the F*** you want to" and caused her tires to throw rocks as she left the parking lot. For that misbehavior she was placed on Last and Final Chance but, still remained employed.

48. Based upon information and belief, on December 8, 2016, a non-Black employee Gomez was placed on Last and Final Chance agreement for two offenses that were similar offenses to Plaintiff's according to Defendant's Company policy, offenses that "may result in immediate termination" (1) misuse misappropriation of Company property and (2)

falsification of time-cards; however, Gomez was not discharged—he remained employed.

49. Based upon information and belief, on April 4, 2012, a white employee, Hemphill, received just a written warning for having her driver's license suspended five times during the previous year without reporting any of the changes to her driver's license status to First Student in violation of Defendant's Company policy but she wasn't discharged.

50. Defendant has a pattern and practice of allowing non-black individuals particularly white individuals to continue employment through multiple markedly similar dischargeable offenses while Plaintiff, a black man, was immediately discharged for his first offense. But for the fact Plaintiff was a black man he too likely would have received lessor discipline and would have been allowed to continue his employed.

51. Defendant intentionally discriminated against Plaintiff because of his race when other non-black employee committed similar violations of Defendant's Company policy that, "may result in termination" but were given, even repeat offenders, lesser punishments and were allowed to remain employed; however, Plaintiff was immediately informed he was going to be discharged on his first offense.

## COUNT I

### VIOLATION OF TITLE VII – RACE
### *Against First Student, Inc.*

52. Plaintiff repeats and re-alleges all of the allegations set forth in paragraphs 1-51 in this
    Complaint as though they were contained herein.

 53. First Student, Inc. is the Defendant in this Count.

54. Plaintiff is a member of a protected class (Race—black) as defined by Title VII.

55. Plaintiff was qualified for his job.

56. Throughout his employment, Plaintiff performed his job duties in a satisfactory manner
    consistent with his employer's reasonable expectations.

57. As detailed above, as a result of his race, Plaintiff, despite at least five times reporting
    student A for his disruptive behavior on the bus, was discharged by Defendant
    immediately on his first infraction in the ten years he had worked with First Student.

58. Defendant has discriminated against Plaintiff by subjecting Plaintiff to discriminatory
    terms and conditions of employment, and other forms of discrimination, in violation of
    Title VII.

59. Plaintiff was discharged immediately for his first infraction; many non-black employees
    under the similar situation received lesser discipline and were not discharged.

60. After Plaintiff's discharged a non-black employee replaced him.

61. First Student's unlawful conduct, as alleged above, caused Plaintiff substantial damages,
    including but not limited to: loss of employment, loss of past and future income and
    benefits, loss of earning capacity, loss of seniority, emotional distress, loss of reputation,

and humiliation and embarrassment. Plaintiff will continue to suffer these damages in the future.

62.  As a direct and proximate result of one or more of the above acts of intentional discrimination on the basis his race, Plaintiff has sustained damages equal to lost monetary damages, has suffered substantial embarrassment and damage to his professional reputation, emotional distress damages, and is entitled to compensatory damages, as well as attorneys' fees and costs.

**COUNT II**
**VIOLATION OF 42 U.S.C. § 1981**
***Against Defendants First Student, Inc.,***

63.  Plaintiff repeats and re-alleges all of the allegations set forth in paragraphs 1-62 in the Complaint as though they were contained herein.

64.  The Defendants in this Count is against First Student, Inc.

65.  Plaintiff is a member of a protected class (Racial minority - Black).

66.  Plaintiff was qualified for his job.

67.  Throughout his employment, Plaintiff performed his job duties in a satisfactory manner consistent with his employer's reasonable expectations.

68.  Defendant has discriminated against Plaintiff by subjecting Plaintiff to discriminatory terms and conditions of employment, and other forms of discrimination in violation of 42 U.S.C. § 1981.

69.  Defendants decided to discharge Plaintiff immediately after his first offense, for which non-black and white employees were not discharged.

10

70. The discriminatory misconduct described above was the result of an effort on the part of the Defendants intentionally discriminate against Plaintiff for reason of his race—but for the fact that Plaintiff was black he would not have been discharged.

71. The Defendants' unlawful conduct, as alleged above, caused Plaintiff substantial damages, including but not limited to: loss of employment, loss of past and future income and benefits, loss of seniority, loss of earning capacity, emotional distress, loss of reputation, loss of seniority and humiliation and embarrassment. Plaintiff will continue to suffer these damages into the future.

72. That as a direct and proximate result of one or more of the above acts of intentional discrimination on the basis his race, Plaintiff has sustained damages equal to loss of monetary damages, has suffered substantial embarrassment and damage to his professional reputation, emotional distress damages, loss of seniority and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

### COUNT III

**VIOLATION OF 42 U.S.C. § 1981**
***Against Defendants Josh Goosen, Local Manager, in his Official and Individual Capacity
and others as they become known in their Official and Individual Capacities***

73. Plaintiff repeats and re-alleges all of the allegations set forth in paragraphs 1-72 in the Complaint as though they were contained herein.

74. The Defendants in this Count is against Josh Goosen, in his Official and Individual Capacities and others as they become known in their Official and Individual capacities.

75. Plaintiff is a member of a protected class (Racial minority - Black).

11

76. Plaintiff was qualified for his job.

77. Throughout his employment, Plaintiff performed his job duties in a satisfactory manner consistent with his employer's reasonable expectations.

78. Defendant has discriminated against Plaintiff by subjecting Plaintiff to discriminatory terms and conditions of employment, and other forms of discrimination in violation of 42 U.S.C. § 1981.

79. Defendants discharged Plaintiff immediately after his first offense while non-black and white employees were not discharged for similar offenses.

80. The discriminatory misconduct described above was the result of an effort on the part of Defendant to intentionally discriminate against Plaintiff for reason of his race—but for the fact that Plaintiff was a black man he would not have been discharged.

81. Defendant's unlawful conduct, as alleged above, caused Plaintiff substantial damages, including but not limited to loss of employment, loss of past and future income and benefits, loss of seniority, loss of earning capacity, emotional distress, loss of reputation, loss of seniority and humiliation and embarrassment. Plaintiff will continue to suffer these damages into the future.

82. That as a direct and proximate result of one or more of the above acts of intentional discrimination on the basis his race, Plaintiff has sustained damages equal to loss of monetary damages, has suffered substantial embarrassment and damage to his professional reputation, emotional distress damages, loss of seniority and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A. Award damages to Plaintiff for loss of pay and benefits incurred as a result of the Race discrimination against him as alleged in this complaint, pursuant to and within the statutory limits under Title VII of the Civil Rights Act as well as incidental, consequential, and all other damages available to Plaintiff under Title VII;

B. Award damages to Plaintiff for loss of pay and benefits incurred as a result of the race d discrimination against him as alleged in this complaint, pursuant to and within the statutory limits under violations of 42 U.S.C. § 1981 as well as incidental, consequential, and punitive damages;

C. Award damages to Plaintiff for loss of pay and benefits incurred as a result of the retaliation against him as alleged in this Complaint, pursuant to and within the statutory limits under Title VII of the Civil Rights Act as well as incidental, consequential, and all other damages available to Plaintiff under Title VII;

D. Grant Plaintiff a judgment for compensatory damages as to each count in an amount sufficient to fully compensate him, and grant Plaintiff a judgment against the Defendants First Student Inc,. and Josh Goosen and others as they become known for punitive damages;

E. Assess against First Student and in favor of the Plaintiff such liquidated and exemplary damages as may be provided by law for the willful violations of the law committed by First Student, Inc.;

F. Award Plaintiff damages for pain and suffering;

G.  Award Plaintiff pre-judgment interest for the defined sum of wages and benefits lost;

K.  Grant Plaintiff reasonable attorneys' fees, costs, and fees for experts;

L.  Grant Plaintiff any and all damages under Title VI and grant Plaintiff such other relief as

this Court deems necessary and proper.

PLAINTIFF DEMANDS TRIAL BY JURY.

CLINTON L MASSEY
Plaintiff
By: s/S. Mona Ahsan
Shameem Mona Ahsan
Attorney for the Plaintiff
S. Mona Ahsan #6236610
AhsanKelleyLaw, LLC.
415 S. 7th Street
Springfield, Il 62701
Phone:(217)535-1000
Cell:(410)507-4443
mona@ahsankelley.com